### THE LUDVIG HOLBERG.

### STAFFORD v. THE LUDVIG HOLBERG.

### THE F. O. MATTHIESSEN & WIECHERS S. R. Co. v. THE LUDVIG HOLBERG.

*(Circuit Court, S. D. New York. June 20, 1890.)*

TRIAL—FINDINGS.

> It is not necessary to set forth as a conclusion of law or finding of fact that the circumstance that some of the witnesses were examined before the district judge influenced the circuit court in deciding to affirm the judgment of the district court rendered upon conflicting evidence.

In Admiralty. Appeal from district court. On motion to amend the findings. For former opinion, giving the findings, see *ante,* 117.

SCHEDULE OF PROPOSED AMENDMENTS TO FINDINGS MADE BY THE COURT.

(1) That the second finding be amended, and made more definite and certain by stating how far to the southward and how far to the eastward of buoy 11 the collision occurred, or that said finding be made more specific than it now is by the use of the expression "a little."

(2) That the fourth finding be amended by stating that "the pitch of

the screw of the Ludvig Holberg was 14 feet 2 inches, and at full speed she made from 69 to 71 revolutions per minute, at half speed 40 to 45 to 50 revolutions per minute, and at slow speed she made 20 to 25 to 26 revolutions per minute;" and, if such amendment be refused, that an additional finding be made to that effect.

(3) That the fifth finding be amended, and made more definite and certain by striking out the words "between 3:05 and," and by stating more exactly the time at which the steamer started from pier 15, East river.

(4) That the fifth finding be amended by striking out the word "dead" before the word "slow," in the two places in which it occurs in said finding.

(5) That the sixth finding be amended and made more definite and certain by striking out the words "between 3:27 and," and inserting in place thereof the word "about," or otherwise specifying more exactly the time when the Holberg was off Bedloe's island.

(6) That the sixth finding be amended by striking out the words "a little over 3¼," and inserting "3¾ knots," or by indicating how much over 3¼ knots is intended by the expression "a little over."

(7) That the sixth finding be amended by inserting after the words "thereafter and" the words "after a period of slack water."

(8) That the seventh finding be amended by inserting the word "dense" before the word "fog" in the sentence "there was so much fog as to prevent vessels," etc.

(9) That the seventh finding be amended and made more definite and certain by striking out the words "a short distance" and inserting the words "about 200 feet," or such other distance as the court shall find upon the evidence that the vessels could be seen in that fog.

(10) That the seventh finding be amended by inserting the word "dense" before the word "fog" in the sentence, "this fog had prevailed between the Narrows and buoy 11."

(11) That the seventh finding be amended by striking out the word "fifteen," and inserting the word "twenty."

(12) That the eighth finding be amended by striking out the words "about the time," and inserting in place thereof the word "before," in the sentence, "the Ludvig Holberg ran into this fog about the time she passed the forts."

(13) That the eighth finding be amended and made more definite and certain by specifying how much below the forts the Ludvig Holberg had got before she reduced her speed, in place of the expression "some distance."

(14) That the ninth finding be amended and made more definite and certain by indicating how much below, in place of the expression "a little below," the Holberg had got when she had slowed down to about four knots, and the time when she so slowed.

(15) That the eleventh finding be amended and made more definite and certain by specifying how many hundred feet off, or about how many feet off, the tug-boat was when she first came in sight.

(16) That the thirteenth finding be amended by stating that the steamer starboarded about one point, or as much as the court finds the fact to be that she did starboard.

(17) That the thirteenth finding be amended by adding thereto the words, "by reason of the tug at the same time taking a rank sheer to port."

(18) That the fourteenth finding be amended by inserting the words "in obedience to the tug's single whistle" after the words "to starboard of her."

(19) That the eighteenth finding be amended by inserting the words "but not before" after the words "vessel in tow."

(20) That an additional finding of fact and conclusion of law be made to the effect that some of the witnesses who testified as to fog in the district court were examined before the district judge, and that it is to be assumed as matter of law that the effect which the appearance of such witnesses produced on the district court is a fact proper to be considered by the circuit court in reaching a conclusion, or some similar conclusion, of law which would state the legal effect intended to be given by the court to the fact that some witnesses were so examined before the district judge.

*Sidney Chubb*, (*Geo. A. Black*, of counsel,) for libelants.

LACOMBE, J. 1. The proposed amendment to the second finding is refused; the evidence does not warrant a more specific statement.

2. The proposed amendment to the fourth finding is granted.

3. The proposed amendments to the fifth finding are refused; the evidence does not warrant a more specific statement.

4. The sixth finding is amended by inserting the words "after a brief period of slack water." The other proposed amendments to this finding are refused, the evidence not warranting more specific statements.

5. The proposed amendments to the seventh finding are refused for the same reason, but after the words "a short distance" there may be inserted "estimated by the witnesses from the Holberg at between 200 and 300 feet."

6. The proposed amendments to the eighth finding are refused for same reason.

7. The proposed amendments to the ninth finding are refused for the same reason.

8. The proposed amendments to the eleventh finding are refused for same reason.

9. The proposed amendments to the thirteenth finding are refused for the same reason.

10. The proposed amendment to the fourteenth finding is refused for the same reason.

11. The proposed finding to the eighteenth finding is granted.

12. The proposed additional finding of fact and conclusion of law is refused. It is not such a finding or conclusion as is contemplated by the act of 1875. That act does not require the circuit judge to set forth

among the findings and conclusions some small isolated fraction of the entire mental process by which as a trier of the facts he reached a conclusion touching the weight of conflicting evidence.